```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **BRANDON SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 2:19-cv-2870-SHM-dkv |
| ) | |
| **H & H SAMUELS PROPERTIES,** ) | |
| **LLC,** ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO AMEND AND DENYING MOTION TO DISMISS**

Plaintiff Brandon Smith brings this action against Defendant H & H Samuels Properties, LLC under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (2018) (the "ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (the "ADAAG"). Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss"), (D.E. No. 17), and Plaintiff's Motion for Leave to File an Amended Complaint (the "Motion to Amend"), (D.E. No. 19). The motions are ripe for consideration. (See D.E. Nos. 18, 22, 23.) For the following reasons, the Motion to Amend is GRANTED, and the Motion to Dismiss is DENIED AS MOOT.

**I.  Background**

Plaintiff filed the complaint on December 18, 2019. (D.E. No. 1.) He alleges that he was denied access to and/or enjoyment of the strip mall facility located at 756-766 Mt. Moriah St., Memphis, TN 38117. (Id. ¶¶ 9, 12.) He alleges that strip mall falls within the scope of the ADA requirements. (Id. at ¶¶ 16-20.) The complaint outlines specific ADA and ADAAG violations that Plaintiff claims discriminated against him and others with disabilities. (Id. at ¶ 25(a)-(k).)

On April 19, 2020, Defendant filed the Motion to Dismiss. (D.E. No. 17.) The Motion to Dismiss alleges that Defendant owns only a portion of the strip mall in question and that Defendant is not liable for many of the violations alleged in the complaint. (D.E. No. 17-1 at 51-56.) The Motion to Dismiss also alleges that Plaintiff is precluded from litigating the remaining violation by the doctrine of issue preclusion based on the settlement reached in Renee Guibao v. Gibson's Donuts Inc. and H & H Samuels Properties, LLC, Case No. 2:17-02135-JPM-egb ("Guibao"). (Id. at 56-63.)

On May 17, 2020, Plaintiff filed his Motion to Amend. (D.E. No. 19.) The proposed amendment would add a second defendant, the owner of the remaining portion of the strip mall, and make changes to the remainder of the complaint's allegations. (See D.E. No. 19-1.) Defendant opposes the Motion

2

to Amend arguing that it would cause undue delay and that it would be futile. (See D.E. No. 22.)

## II. Jurisdiction

Plaintiff's ADA claim is a federal question over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. Standard of Review

### A. Rule 15(a)(2)

"The [C]ourt should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). The Supreme Court has emphasized that, in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The relevant questions in the prejudice inquiry are whether the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." See Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cty., 408 F.3d 803, 817 (6th Cir. 2005) (citing Neighborhood

3

Dev. Corp. v. Advisory Council on Historical Pres., 632 F.2d 21, 23 (6th Cir. 1980)).

### B.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "'[f]actual allegations must be enough to raise a right to relief above [a] speculative level.'" Ass'n of Cleveland Fire Fighters v. City of Cleveland,

502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**IV. Analysis**

Defendant argues that the Motion to Amend should be denied because it will create undue delay and because it is futile. Undue delay alone, even if present, would not be sufficient to deny the Motion to Amend. The proposed amendment withstands a Rule 12(b)(6) analysis. It would not be futile.

**A. Undue Delay**

Defendant argues that the motion to amend will create undue delay because Plaintiff should have known the owner of the strip mall and so could have included the proper parties from the outset of the litigation. (D.E. No. 17-1 at 51-52.) However, undue delay alone, without significant prejudice to the defendant, is an insufficient reason to deny a motion to amend. Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.

5

1986) (holding it was abuse of discretion to deny amendment because of undue delay where there was only "relatively light prejudice" to defendant); see Wade v. Knoxville Utilities Bd., 259 F.3d 452, 459 (6th Cir. 2001) ("[D]elay alone was not sufficient reason to deny the amendment . . . .").

The prejudice to the Defendant is relatively light. There are no new claims that would require substantial resources to conduct discovery. There would be no substantial delay in the resolution of the dispute because a defendant has been added. Although Plaintiff did not move to amend until after the filing of a motion to dismiss, that would not create undue prejudice. See Doe v. Denison University, 2:16-cv-143, 2016 WL 3166003, at *2 (S.D. Ohio June 7, 2016) (holding that the cost and inconvenience of having to re-file a motion to dismiss after an amended complaint was not undue prejudice); see also Moore, 790 F.2d at 562 (holding that an amendment filed three years into case and after dispositive motions had been filed was only "relatively light prejudice").

Defendant would not be unduly prejudiced by amendment.

**B.   Futility**

Defendant argues that the Motion to Amend would be futile because as amended the complaint would fail to withstand Defendant's arguments in the Motion to Dismiss. Defendant makes two relevant arguments. First, it argues that some of the

6

allegations contained in the complaint are based on factual inaccuracies. Second, it argues that the remaining issue raised in the complaint is barred by the doctrine of issue preclusion.

### 1. The Factual Inaccuracies

Resolution of the alleged factual inaccuracies is not appropriate at this stage in the litigation because the Court must accept the allegations in the complaint as true. See Dobronski v. Selectquote Ins. Srvs., 462 F. Supp. 3d 784, 788-89 (E.D. Mich. 2020) (holding that factual disputes should not be resolved during the futility of amendment analysis because they are more appropriate for resolution during the summary judgment stage); cf. Compass Homes, Inc. v. Trinity Health Grp., Ltd., 2:13-cv-00647, 2014 WL 12656502, at *5 (S.D. Ohio Oct. 6, 2014) (holding affirmative defense not appropriate for resolution in futility analysis because it is better suited for summary judgment).

### 2. Issue Preclusion

The doctrine of issue preclusion bars a party or privy to a prior litigation resolved on the merits from re-litigating an issue. United States v. Vasilakos, 508 F.3d 401, 406 (6th Cir. 2007) (citing Montana v. United States, 440 U.S. 147, 153 (1979)) ("Collateral estoppel precludes relitigation of issues between parties or their privies previously determined by a court of competent jurisdiction."). "Privity is limited to 'a

7

successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented.'" Id. (quoting Sanders Confectionary Prods., Inc. v. Heller Financial, Inc., 973 F.2d 474, 481 (6th Cir. 1992)). Adequate representation requires, inter alia, that "either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." Taylor v. Sturgell, 553 U.S. 880, 900 (2008) (narrowing the adequately represented exception to the principle that every person should get his or her own day in court).

Defendant cites language in the Guibao complaint that purports to demonstrate that the plaintiff in Guibao understood herself to be acting in a representative capacity. (D.E. No. 17-1 at 62-63.) The relevant language speaks to the representation of all persons with disabilities; however, no class certification was sought or granted, (see Guibao, No. 2:17-02135-JPM-egb D.E. Nos. 1-26), which weighs against the Guibao plaintiff's having an understanding that she represented all persons with disabilities, see Pelt v. Utah, 539 F.3d 1271, 1289 (10th Cir. 2008) (holding that decision not to bring a class action evidenced that plaintiffs intended not to represent non-parties). None of the protections for class members was present in that litigation. (See Guibao, No. 2:17-

8

02135-JPM-egb D.E. Nos. 1-26.) Under similar circumstances, this Circuit has refused to apply issue preclusion because the Supreme Court has narrowly circumscribed the adequate representation exception to the rule against non-party preclusion. See Amos v. PPG Indus., Inc., 699 F.3d 448, 452-53 (6th Cir. 2012) (recognizing the effect of Taylor in narrowing the adequate representation exception).

Amendment would not be futile. The Motion to Amend is GRANTED.

### C. The Motion to Dismiss

Because the Motion to Amend is GRANTED, the Motion to Dismiss is DENIED AS MOOT. The Motion to Dismiss refers to the original complaint, which will no longer be operative once Plaintiff files his amended complaint to comply with this Order. See Clark v. Johnston, 413 F. App'x 804, 811 (6th Cir. 2011) ("When a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading, i.e., the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading . . . .") (internal quotations omitted); see also Durbin v. AmeriCredit Financial Srvs., Inc., 466 F. Supp. 3d 743, 746 n.3 (W.D. Ky. 2020) ("The filing of the First Amended

Complain rendered moot the many motions to dismiss the Complaint.").

## V.  Conclusion

For the foregoing reasons, the Motion to Amend is GRANTED, and the Motion to Dismiss is DENIED AS MOOT. Plaintiff is DIRECTED to file his First Amended Complaint within fourteen (14) days of the entry of this Order.

SO ORDERED this   6th   day of January, 2021.

                                        /s/ *Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE